```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

ARENDI HOLDING LTD.,                :
                                    :
        Plaintiff,                  :
                                    :
                                    : Civil Action No. 09-119-JJF
    v.                              :
                                    :
MICROSOFT CORPORATION and           :
DELL INC.,                          :
                                    :
        Defendants.                 :

**MEMORANDUM ORDER**

Pending before the Court is Defendants' Motion To Bifurcate And Stay Discovery Relating to Damages. (D.I. 53.) For the reasons discussed, the Court will deny Defendants Microsoft Corporation and Dell, Inc.'s (collectively "Microsoft" or "Defendants") Motion.

In this case Arendi Holding LTD. ("Arendi") alleges infringement of United States Patent Number 7,496,854 ("the '854 patent") which relates to computer software allowing a user to import a person's contact information from one program to another. Although this case is relatively new, there is a history of litigation between these parties regarding this technology (based around the technology in suit and a predecessor patent) that includes a previously decided case in the United States District Court for the District of Rhode Island.

Following the initial conference before this Court on May 20, 2009, the parties agreed to a fast-track schedule in which trial is set for May 17, 2010.

The standard for bifurcation is well stated in Ciena Corp.:

> Under Rule 42(b) a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management. . . . Courts, when exercising their broad discretion to bifurcate issues for trial under Rule 42(b), should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case. In deciding whether one trial or separate trials will best serve the above factors the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation.

Ciena Corp. v. Corvis Corp., 210 F.R.D. 519, 521 (D. Del. 2002) (internal citation omitted). This rule statement highlights the discretionary nature of bifurcation by a district court.

Defendants contend that bifurcation would simplify the case and enhance juror comprehension because there is little overlap between liability and damages. Further, Defendants argue that Arendi's damages claims will require extensive discovery and expert testimony and that bifurcation will not prejudice Arendi. (D.I. 54.)

Arendi counters that bifurcation is inappropriate because it would prolong the resolution of this dispute and eliminate the benefit of the fast-track schedule. Arendi argues bifurcation would also delay the ability of the parties to settle and impede judicial efficiency. (D.I. 62).

After considering the contentions of the parties,' the Court concludes that bifurcation of the damages discovery and trial will not promote the efficient adjudication of the parties' dispute. In the Court's view, the history of these parties, the number of infringement allegations, the disposition of the prior case between the parties in the Rhode Island court (where bifurcation was ordered), the expedited schedule, and the lack of a wilfulness allegation, all counsel toward a unitary procedure for this case. The Court is unable to ascertain any undue prejudice that would or could result from such an approach to resolving the present claims.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion To Bifurcate And Stay Discovery Relating to Damages (D.I. 53) is DENIED.

October 27, 2009
DATE

UNITED STATES DISTRICT JUDGE